IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KAMARIO EMMANUEL PALMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:12CV963 |
| v. ) | 1:08CR125-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Kamario Emmanuel Palmer, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #37]. On July 7, 2008, Petitioner was convicted of one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 64 months of imprisonment to be followed by three years of supervised release. Petitioner unsuccessfully appealed and later filed the present Motion [Doc. #37].

Petitioner raises two claims for relief in his Motion, both of which are based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Specifically, Petitioner contends that his conviction under 18 U.S.C. § 922(g)(1) is invalid, because the prior North Carolina state conviction listed in the indictment was not punishable by more than one year of imprisonment in light of Simmons. The Government has now filed a Response, conceding, based on Simmons, that the prior North Carolina conviction alleged in the Indictment would not qualify as a predicate felony conviction in light of Simmons because, using the analysis set out in Simmons, Petitioner did not face more

than a year of imprisonment for the prior conviction. The Government does not contend that Petitioner has any other qualifying convictions. Based on this determination, the Government concedes that relief should be granted.

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[1] The parties thus agree that pursuant to the § 2255 Motion, Petitioner's conviction and sentence on should be vacated.[2] The Court has reviewed the state court documents reflecting the prior conviction listed in the Indictment

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. This would include claims by defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who would not have the requisite prior felony conviction in light of Simmons. See also United States v. Hampton, 1:08CR231-3 (M.D.N.C. Aug. 23, 2012) (vacating conviction and dismissing supervised release revocation hearing based on Government's concession in light of Simmons); United States v. Sheets, 1:08CR418-1 (M.D.N.C. Aug. 8, 2012) (vacating conviction on § 2255 Motion based on the Government's concession in light of Simmons); United States v. Cherry, 1:10CR271-1 (M.D.N.C. Aug. 1, 2012) (recommending that a § 922(g)(1) conviction be vacated on a § 2255 Motion rasing a Simmons claim, based on a concession by the Government that "the claim raised in this ground is cognizable under 28 U.S.C. § 2255"). In taking these positions, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to defendants in this category. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes"). This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. August 20, 2012). However, in Powell, the Government took the position that the decision in Simmons, unlike Carachuri, "may have announced a new substantive rule of criminal law." Id. Therefore, the Court in Powell did not have before it the issue of whether Simmons was a procedural rule or a substantive rule applicable on collateral review. Thus, it does not appear that the decision in Powell would preclude the position the Government takes here. In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

2

in this case, and the Court notes that Petitioner's prior conviction was a Class H felony with a prior record level of I, sentenced within the presumptive range. The maximum sentence he faced for that offense under North Carolina law, as analyzed in <u>Simmons</u>, was less than 12 months. <u>See</u> N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted and that his conviction and sentence be vacated.

IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #37] be GRANTED, that the Judgment [Doc. #29] be VACATED, and that the Indictment [Doc. #1] be DISMISSED.

This, the 30th day of January, 2013.

       /s/ Joi Elizabeth Peake
United States Magistrate Judge

3